UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL OLUSOGO ARAGBAYE,<br><br>                Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 15-03173-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On April 28, 2015, Samuel Olusogo Aragbaye ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on August 13, 2015. On November 12, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 64-year-old male who applied for Supplemental Security Income benefits on March 29, 2012, alleging disability beginning February 2, 2011. (AR 103.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 29, 2012, the application date. (AR 15.)

Plaintiff's claim was denied initially on June 28, 2012[1] (AR 53-57), and on reconsideration on January 2, 2013. (AR 13.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sally C. Reason on January 29, 2014, in West Los Angeles, California. (AR 13.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 13.) Medical expert ("ME") Philip J. Gelber, M.D., and vocational expert ("VE") Enrique N. Vega also appeared and testified at the hearing. (AR 13.)

The ALJ issued an unfavorable decision on February 5, 2014. (AR 13-20.) The Appeals Council denied review on February 25, 2015. (AR 2-5.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ properly evaluated Plaintiff's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

---

[1] The ALJ's opinion erroneously states that Claimant's claim was denied initially on January 28, 2013. (AR 13.)

2

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since March 29, 2012, the application date. (AR 15.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: monocular vision; status post retinal tear and multiple unsuccessful surgeries in right eye; early cataract in left eye, with remaining correctable vision. (AR 15.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations:

> . . . no binocular vision; a lack of depth perception; problems with peripheral vision; precluded from use of ladders, working at heights, or working around hazardous machinery; and no working in areas with concentrated exposure to fumes or other particulates which may damage the Claimant's eyes.

(AR 16-19.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 17.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 19.) The ALJ, however, also found that, considering Claimant's age, education and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of linen attendant and kitchen helper/dishwasher. (AR 19-20.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 20.)

## DISCUSSION

Plaintiff's sole contention is that the ALJ's adverse credibility determination is not supported by substantial evidence. The Court disagrees. The ALJ properly discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence. The ALJ's decision must be affirmed.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be

expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.    Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 17.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (AR 17.) Because the ALJ did not make any finding of malingering, she was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that the objective medical evidence does not support the alleged severity of Plaintiff's vision impairments. (AR 18-19.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). The medical records confirm that Plaintiff has no vision in the right eye and a cataract in the left eye. (AR 17, 16.) Claimant's treating ophthalmologist, Dr.

6

Beatrice Wong, found that the vision in Plaintiff's left eye after correction remains better than 20/200. (AR 16, 18.) Plaintiff repeatedly denied pain and other complications or other complaints in regard to his vision. (AR 15.)

Claimant testified at the hearing that he cannot work because of blurred vision in his left eye due to the cataract. (AR 17.) As a result, he claims he "tears up" when he looks at a computer screen for more than 30 minutes, and after using a computer he has to rest his eyes for 1-2 hours. (AR 18.) The ALJ, however, found that Plaintiff's complaint is not documented in the Riverside medical records. (AR 18.) Dr. Wong, who found Claimant's corrected left eye vision better than 20/200, failed to identify the limitations alleged by Claimant. (AR 18.) The testifying medical expert, Dr. Philip Gelber, an ophthalmologist, also failed to identify the limitations alleged by Plaintiff and specifically opined "there would be no medical requirement for limited use of a computer screen, due to the limited visual capacity." (AR 18-19.) Plaintiff repeatedly reported to his treating sources that he had no pain or other complaints. (AR 15.) Thus, there is no medical evidence corroborating Plaintiff's alleged left eye limitations. The ALJ's finding of correctable left eye monocular vision (AR 15) is supported by substantial evidence.

Plaintiff contends that the ALJ discounted his credibility solely on the basis of inconsistency with the medical evidence. This would be an insufficient basis for discounting credibility under Burch. The ALJ, however, relied on a second, independent ground for discounting Plaintiff's credibility. The ALJ specifically noted Plaintiff's inconsistent statements regarding his subjective symptoms. (AR 15, 18.) An ALJ may consider such inconsistencies in evaluating credibility. Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997); Thomas, 278 F.3d at 958-59. Here, Plaintiff stated at the hearing that his vision blurs. (AR 17.) He estimated that he could look at a computer screen for about 30 minutes, and then his eye will get teary and he will see double. (AR 17.) He would need to rest his eyes for 1-2 hours afterward. (AR 17.) This testimony is obviously inconsistent with Plaintiff's previous statements repeatedly denying pain or other complaints or complications regarding his vision (AR 15, 18) and with his failure to report the alleged left eye limitations to Dr. Wong.

In the reply portion of the Joint Stipulation, Plaintiff argues for the first time that he did report left eye problems to Dr. Teasley at Riverside County Medical Center. Specifically, Plaintiff cites to an April 28, 2012, treatment note indicating decreased visual acuity. (AR 213.) The note also indicates the left eye is affected by a cataract. Plaintiff then cites an April 4, 2012, note purportedly indicating a left eye abnormality. (AR 216.) These notes, however, are not inconsistent with the medical evidence previously summarized. The notes do not indicate Plaintiff's left eye vision is worse than 20/200. In fact, the notes indicate corrected left eye vision of 20/30 and 20/40. (AR 213, 216.) The notes also do not suggest any limitations of the sort mentioned at the hearing for the first time. Of special significance, both notes check the box "No" when asked if there is a disability. (AR 213, 216.) The medical expert, Dr. Gelber, reviewed the entire record, including the two notes cited by Plaintiff. Fully aware of Plaintiff's complaint of blurry vision and his left eye cataract, Dr. Gelber did not find evidence to support any limitation on computer use. Finally, the Court notes that nothing prevented Plaintiff from mentioning Dr. Teasley's notes in Plaintiff's initial portion of the Joint Stipulation. By not raising the issue until the reply portion of the Joint Stipulation, Plaintiff deprived the Commissioner of any opportunity to respond to the evidence cited.

Plaintiff disputes the ALJ's adverse credibility finding but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ rejected Plaintiff's subjective symptom testimony for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

```
```
**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: December 14, 2015

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE